IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Michael R. Simpson, *et al.* | : | |
| Plaintiffs | : | Case No. C-1-04-704 |
| v. | : | District Judge Susan J. Dlott |
| Meyer Tool, Inc., *et al.* | : | ORDER GRANTING IN PART |
| | : | MOTION FOR JUDGMENT ON THE |
| Defendants | : | PLEADINGS |

This matter comes before the Court on Defendant Medical Benefit Administrators, Inc.'s Motion for Judgment on the Pleadings as to Its Cross-Claim Against Defendant Meyer Tool, Inc. (doc. #12).  For the reasons that follow, the Court **GRANTS IN PART** the Motion for Judgment on the Pleadings.

**I.     BACKGROUND**

Plaintiffs initiated this ERISA action in state court on September 10, 2004 against Meyer Tool, Inc. ("Meyer Tool"), the Meyer Tool, Inc. Employee Health Benefit Plan ("the Meyer Benefits Plan"), and Medical Benefits Administrators, Inc. ("MBA").  Plaintiffs allege that Plaintiff Michael R. Simpson was injured during the course of his employment with Meyer Tool on July 14, 2003 and that he is entitled to benefits under the terms of the Meyer Benefits Plan. (Doc. #1.)  Defendants removed the action to this Court.  Thereafter, Meyer Tool and the Meyer Benefits Plan jointly, and MBA, filed their respective answers to Plaintiffs' Complaint. (Docs. #5, 6.)  MBA also asserted a cross-claim against Meyer Tool for indemnification, (doc. #6), to which Meyer Tool has filed an answer, (doc. #9).  MBA now moves for judgment on the pleadings as to its cross-claim against Meyer Tool. (Doc. #12.)

**II.     LEGAL STANDARD**

MBA moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment can only be granted if there are no material facts to resolve and the movant is entitled to judgment as a matter of law. See Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc., 404 F.3d 1297, 1303 (11th Cir. 2005). The Court must accept as true the allegations in the nonmovant's pleadings and construe all reasonable inferences in favor of the nonmovant. See In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443, 453 (D.D.C. 2005).

In this case, Meyer Tool has admitted the key factual allegations made in MBA's cross-claim. Meyer Tool admits that it and MBA were parties to a 2003 Benefit Management Agreement and a 2004 Benefit Management Agreement pursuant to which MBA agreed to provide claim processing, issuance and other management services for the operation of the Meyer Benefits Plan. (Doc. #9, ¶¶ 3-4; doc. #6, ¶¶ 3-4 & exs. A & B.) The 2003 and 2004 Agreements state that MBA is not a plan sponsor, plan administrator, or fiduciary of the Meyer Benefits Plan; Meyer Tool or the plan administrator have the sole responsibility to render final decisions. (Doc. #9, ¶¶ 5-6; doc. #6, ¶¶ 5-6.)

The 2003 and 2004 Agreements contain the following indemnification clause:

> [Meyer Tool] shall indemnify MBA and hold it harmless against all loss, liability, damage, expense or other obligation, including reasonable attorney's fees of MBA's own counsel, resulting from or arising out of demands, claims, actions, causes of action, lawsuits, settlements, judgments, costs, penalties against MBA in connection with benefit payments or services performed under this Agreement, except in a case where MBA acted negligently in connection with benefit payments or services performed under this Agreement without the direction or consent of [Meyer Tool].

(Doc. #9, ¶ 9; doc. #6, ¶ 9.)

Meyer Tool further admits that it "directed MBA to deny the medical claims of Plaintiff Michael Simpson arising from the incident of July 14, 2003" pursuant to two e-mails sent from

Meyer Tool's human resource director to MBA's senior vice president.  (Doc. #9, ¶¶ 13-15; doc. #6, ¶¶ 13-15.)  Meyer Tool asserts in these e-mails that it wanted to deny the claims for benefits because Michael Simpson's injuries were self-inflicted.  (Ids.)

MBA contends that it is entitled to judgment as a matter of law based on the admissions of Meyer Tool in the pleadings.  MBA seeks a declaratory judgment that Meyer Tool is obligated to defend and indemnify MBA for all damages and attorney's fees relating to Plaintiffs' claims or MBA's cross-claims, and a judgment for damages or reimbursement for these same damages and attorney's fees.

In response to the Motion for Judgment on the Pleadings, Meyer Tool acknowledges its contractual obligation to indemnify MBA.  Meyer Tool submits evidence that it has offered to defend and indemnify MBA by reimbursing MBA for its expenses to this point and then taking over MBA's defense with its own attorneys.  Meyer Tool contends that MBA will have no incentive to seek a speedy and cost-effective resolution of this lawsuit if the Court rules at this time that Meyer Tool must indemnify MBA's damages and attorney's fees.  Accordingly, Meyer Tool requests that the Court defer ruling upon the Motion until MBA has ceased its direct participation in this lawsuit.

Meyer Tool cites to no legal authority in support of its request that the Court defer its ruling.  Moreover, Meyer Tool's offer to defend MBA does not satisfy its obligation under the 2003 and 2004 Agreements to indemnify and hold harmless MBA against losses, damages, or expenses, "including reasonable attorney's fees of MBA's *own* counsel."  (Doc. #9, ¶ 9; doc. #6, ¶ 9.)  The facts are not in dispute and MBA is entitled to judgment as a matter of law.

**IV.    CONCLUSION**

For the foregoing reasons, the Motion for Judgment on the Pleadings is **GRANTED IN PART**.  The Court declares as follows:

Meyer Tool shall indemnify MBA and hold it harmless against all loss, liability, damage, expense or other obligation, including reasonable attorney's fees of MBA's own counsel, resulting from or arising out of demands, claims, actions, causes of action, lawsuits, settlements, judgments, costs, penalties against MBA in connection with benefit payments or services performed in regards to the claims asserted in this lawsuit.

The Court orders Meyer Tool to reimburse MBA for the expenses and obligations, including reasonable attorney's fees of MBA's own counsel, that MBA is incurring as it defends this lawsuit.

IT IS SO ORDERED.

                                                          ___s/Susan J. Dlott_____
                                                        Susan J. Dlott
                                                        United States District Judge